**LOCAL 705, INTERNATIONAL BROTH-ERHOOD OF TEAMSTERS, CHAUF-FEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Petitioners,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 16250.**

United States Court of Appeals District of Columbia Circuit.

Argued May 2, 1962.

Decided July 19, 1962.

Mr. Sherman Carmell, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Mr. Herbert S. Thatcher, Washington, D. C. was on the brief, for petitioners. Messrs. James F. Carroll and Donald M. Murtha, Washington, D. C., entered an appearance for petitioners.

Mr. Melvin J. Welles, Atty., N. L. R. B., of the bar of the Court of Appeals

---

of New York, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief, for respondent. Mr. Allan I. Mendelsohn, Atty., N. L. R. B., also entered an appearance for respondent.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

## PER CURIAM.

Local 705 and its agents petition for review of an order of the National Labor Relations Board issued February 20, 1961 (130 NLRB 558). The Board cross-petitions for enforcement.

The National Labor Relations Act as amended makes it an unfair labor practice for a union not currently certified as the representative of the employees to picket an employer for more than a reasonable time, not to exceed 30 days, without filing a petition for an election, where "an object" of the picketing is to require an employer to recognize or bargain with the union and an effect of the picketing is to induce stoppages of deliveries or other services. § 8(b) (7) (C), 73 Stat. 544, 29 U.S.C.A. § 158 (1958). The Board found that the union picketed Cartage and Terminal Management Corporation for more than a reasonable time without filing a petition for an election; that an object of the picketing was to force Cartage (1) to employ certain union members and (2) to recognize and bargain with the union as representative of such employees; that the union was not currently certified as their representative; and that the picketing had the effect of inducing stoppages of deliveries. The Board found that this violated the Act, and ordered the union and its agents to cease and desist from picketing the corporation "where an object thereof is forcing or requiring said corporation to recognize or bargain with them as the representative of its employees, in violation of Section 8(b) (7) (C) of the Act."

 The evidence supports the Board's findings and the findings support the order. It is undisputed that picketing had continued more than 30 days. It is immaterial that Cartage had taken over a part of the business but none of the employees of Riss, an employer with which the union had a contract; that abortive negotiations for a contract between Cartage and the union had preceded the picketing; that requiring Cartage to recognize and bargain with the union was not the *sole* object of the picketing; and that the picketing may have had an object that was proscribed by another section of the Act.

Order enforced.